IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KIMO K. DAVIS,

Plaintiff,

v.

UNITED STATES OF AMERICA,　　　　　　No. 05-CV-793-DRH
　　　　　　　　　　　　　　　　　　　　No. 04-CR-30082-DRH

Defendant.

## MEMORANDUM AND ORDER

HERNDON, Chief Judge:

### I. Introduction and Background

Now before the Court is Kimo K. Davis' petition/motion for relief under **28 U.S.C. § 2255** (Docs. 1 & 2). The Government opposes the petition/motion (Docs. 7 & 11). Based on the following, the Court **DENIES** Kimon's petition/motion.

On June 22, 2004, the federal grand jury indicted Kimo Davis on one count of possession with the intent to distribute 50 grams or more of crack cocaine **in U.S. v. Davis, 04-CR-30082-DRH** (Doc. 1). On July 7, 2004, Assistant Public Defendant Andrea Smith entered her appearance on behalf of Davis (***Davis***, Doc. 7). On July 20, 2004, a federal grand jury returned a superseding indictment charging Davis with possession with the intent to distribute approximately 68.9 grams of

crack cocaine, in violation of **21 U.S.C. § 841(a)(1)** (*Davis*, Doc. 11). On August 19, 2004, Davis entered an open plea of guilty to the one count superseding indictment (*Davis*, Doc. 17). The Court sentenced Davis to 120 months imprisonment on December 3, 2004 (*Davis*, Doc. 22). On December 17, 2004, the Court entered a Judgment and Commitment Order, as well as a Sentencing Order setting forth an alternative sentence as recommended by the Seventh Circuit in light of the uncertainty overcast on federal sentencing by ***Blakely v. Washington*, 542 U.S. (2004)** (*Davis*, Docs. 24 & 25). The Court indicated that if the Sentencing Guidelines were found to be unconstitutional, it would still impose the same sentence of 120 months as his relatively minor criminal background did not warrant increasing his sentence above the 10 year minimum required by the statute. No notice of appeal was filed on behalf of Davis.

Thereafter, Davis filed this § 2255 petition on November 2, 2005 (Doc. 1). Davis also filed a memorandum in support of his original § 2255 petition expanding on his arguments for § 2255 relief (Doc. 2). Davis raises only one argument, arguing that he received ineffective assistance of counsel because his attorney failed to file an appeal on his behalf after he explicitly requested that one be filed. On January 25, 2006, the Government responded to Davis' petition (Doc. 7) and on November 13, 2006, the Government supplemented its response with Assistant Federal Public Defender Andrea Smith's affidavit (Doc. 11). On March 12, 2009, the Court ordered Davis to file a response to the Government's supplement,

including an affidavit stating the factual basis for his claim (Doc. 12). To date, Davis has failed to respond to the Court's Order.

## II. Analysis

### A. 28 U.S.C. § 2255

Davis petitions the Court for relief under **28 U.S.C. § 2255,** which provides:

> A prisoner in custody under sentence of a court established by the Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Section 2255 was enacted to provide the court of the district in which a defendant is *sentenced* the same remedies available by habeas corpus proceedings to the court of the district in which a prisoner is *confined*. **Hill v. United States, 368 U.S. 424, 427 (1962).** The grounds for relief under § 2255 are considerably more narrow than the grounds for relief on direct appeal. Relief under Section 2255 is "reserved for extraordinary situations." **Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993)).** A criminal defendant may attack the validity of his sentence under Section 2255 only if

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

**28 U.S.C. § 2255;** *Prewitt*, **83 F.3d at 816.** However, a Section 2255 motion "is neither a recapitulation of nor a substitute for a direct appeal." ***Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995);** *see also Daniels v. United States*, **26 F.3d 706, 711 (7th Cir. 1994).** Therefore,

> [a]n issue not raised on direct appeal is barred from collateral review absent a showing of both good *cause* for the failure to raise the claims on direct appeal and actual *prejudice* from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice.

*Prewitt*, **83 F.3d at 816 (emphasis in original).** *See also Reed v. Farley*, **512 U.S. 339, 354 (1994).** The Seventh Circuit has made it very clear that there are three types of issues that cannot be raised in a Section 2255 motion:

> "(1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal."

*Belford v. United States*, **975 F.2d 310, 313 (7th Cir. 1992),** *overruled on other grounds*, *Castellanos v. United States*, **26 F.3d 717 (7th Cir. 1994).**

Furthermore, a petitioner filling a petition pursuant to **28 U.S.C. § 2255** must state specific facts which describe each ground for relief so that the district court may tell from the face of the petition whether habeas review is warranted. **See Rule 2(b) of the Rules Governing § 2255 Cases;** *see also Adams v. Armontrout*, **897 F.2d 332, 334 (8th Cir. 1990) (§ 2254 petition).** A § 2255 petition cannot stand on vague and conclusory assertions of a constitutional

violation; rather, the petition must set forth facts with sufficient detail to point the district court to the real possibility of a constitutional error. ***See Oliver v. United States*, 961 F.2d 1339, 1343 n.5 (7th Cir. 1992) (holding that a district court may deny a § 2255 motion without a hearing "if the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court.");** *see also Shah v. United States*, **878 F.2d 1156, 1161 (9th Cir. 1989) (holding that vague or conclusory allegations warrant summary dismissal of § 2255 claims);** *see also United States v. Aiello*, **814 F.2d 109, 113-14 (2nd Cir. 1987) (holding that a § 2255 petition must be based on more than "[a]iry generalities, conclusory assertions and hearsay statements.");** *see also United States v. Unger*, **635 F.2d 688, 691 (8th Cir. 1980) (holding that "[c]onclusory assertions that a defendant's pleas were involuntary and coerced are insufficient.").** Because Davis is not represented by counsel, his motion must be liberally construed.

**B.     Analysis**

Davis raises one claim in his § 2255 petition, that he received ineffective assistance of counsel because his attorney failed to file an appeal after he specifically requested her to file an appeal. The paradigmatic case on ineffective assistance of counsel claims is **Strickland v. Washington, 466 U.S. 668 (1984)**. In *Strickland*, the Supreme Court established a two prong test for determining whether one's assistance of counsel has been constitutionally deficient under the Sixth Amendment:

first, counsel must be shown to have acted unreasonably according to "prevailing professional norms." *Id.* **at 688.** If so, it must then be shown that the errors were prejudicial to the § 2255 Petitioner. *Id.* **at 691.** In other words, "that there is a reasonable probability that, but for counsel's unprofessional errors, the proceeding's result would have been different." ***Bell v. Cone*, 535 U.S. 685, 694 (2002) (quoting *Strickland*, 466 U.S. at 688, 694);** *see also Davis v. Lambert***, 388 F.3d 1052, 1059 (7th Cir. 2004) (citing *Strickland*, 466 U.S. at 688, 694)**. While ordinary trial blunders are reviewed according to this dual test of reasonableness and prejudice, an attorney's failure to file an appeal is treated according to a somewhat more compressed analysis.

In ***Castellanos v. United States*, 26 F.3d 717, 720 (7th Cir. 1994)**, the Seventh Circuit announced a rule that an attorney's failure to file an appeal (if requested to do so by the client) is inherently prejudicial. In such a circumstance the probability of success on appeal is irrelevant and need not be determined for the purposes of evaluating an ineffective assistance claim. *Id.* Generally, *Castellanos* stands for the proposition that failure to follow a client's request to file an appeal results in constitutionally ineffective assistance of counsel *per se*, as it effectively amounts to attorney abandonment. ***Castellanos*, 26 F.3d at 718. See also *Bradley v. United States*, 219 Fed. Appx. 587, 589 (7th Cir. 2007);** *Roe v. Flores-Ortega***, 528 U.S. 470, 484 (2000) (if, "but for counsel's deficient performance, [her client] would have appealed," *Strickland* prejudice is shown).**

The essential issue raised by any *Castellanos* claim is whether the petitioner's counsel was actually instructed to appeal. **See *Castellanos*, 26 F.3d at 719 ("'Request' is an important ingredient in this formula. A lawyer need not appeal unless the client wants to pursue that avenue.").** In *Kafo v. United States*, 467 F.3d 1063 (7th Cir. 2006), the district court had dismissed a petitioner's ineffective assistance claim as well as his request for an evidentiary hearing, finding that the allegations of whether he had told his counsel to appeal were vague and unsubstantiated. ***Id.* at 1066-67 (noting that the district court expected the petitioner to "com[e] forth with evidence that he had expressed his desire to appeal.").** Reviewing the district court's denial of the hearing on an abuse of discretion standard, the Seventh Circuit stated that conclusory allegations without more are insufficient to make an ineffective assistance of counsel claim. ***Id.* at 1067 (the Seventh Circuit remanded the case to the district court to provide the petitioner an opportunity to submit an affidavit to support his claims given the sufficiency of the factual allegations in his unverified motion).** Specifically, the court noted that the absence of supporting affidavits can be fatal. ***Id.* ("'[i]t is the rule of this Court that in order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions… its absence precludes the necessity of a hearing'") (quoting *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996)). *See also Galbraith v. United States*,**

**313 F.3d 1001, 1009 (7th Cir. 2002) (affirming the dismissal of an ineffective assistance claim where the defendant "present[ed] no affidavit from himself or his trial counsel supporting his version of his attorney's conduct, nor any other available, probative evidence that would effectively support [his] claim.").**

Thus, in determining whether Davis' request for relief from ineffective assistance of counsel should be granted, the Court looks to the proof he offers in order to determine whether his claims warrant further consideration of his claim, including a hearing. Davis indicates that his counsel "fail[ed] to file a notice of appeal after the imposition of sentencing and upon Movant's expressed request and insistence to do so." (Memorandum in Support, Doc. 2, p. 8). However, the critical question is whether there are accompanying sworn statements which bolster Davis' allegations that his counsel failed to heed his expressed desire to appeal. Although Davis failed to submit an affidavit with his petition and memorandum in support, substantiating his claim that he requested his attorney to file an appeal, he did submit his petition and memorandum under oath. *See Kafo*, **467 F.3d at 1070-71 (noting that a motion submitted under oath would have constituted some evidence sufficient to withstand a motion to dismiss because the unsworn motion contained allegations of sufficient specificity).** *See also Heiss v. United States*, **24 Fed. Appx. 599, 601 (7th Cir. 2001) (noting that the district court overlooked the fact that petitioner, by signing his petition, had sworn to the truth of his factual allegations).**

Unlike *Kafo,* in which the petitioner's motion contained factual statements concerning his interaction with his trial counsel which would have survived the threshold requirement, Davis' petition, however, does not contain allegations of sufficient specificity; rather, Davis has provided the Court with no evidence "save his naked assertions." ***Galbraith*, 313 F.3d at 1009 (finding that petitioner had not met the threshold requirement as he failed to provide a detailed affidavit, only bare allegations).** *See also* ***Bradley*, 219 Fed. Appx. at 589 (finding that the district court had abused its discretion by denying petitioner an evidentiary hearing, when petitioner had submitted several detailed affidavits substantiating his claim).** Here, Davis' motion merely states that he expressly requested and insisted that his attorney Andrea Smith file an appeal and that she should have filed an appeal given the implication in *Booker* and the Court's expressed "verba, if [it] was not bound by the mandatory guidelines, or if the guidelines was declared unconstitutional by the Supreme Court, it would have imposed a lighter sentence."[1] (Doc. 2 p. 8). Davis has failed to present any factual

---

[1] The Court notes that Davis is incorrect on the correct's statements regarding the Sentencing Guidelines. This Court actually stated the opposite in its December 17, 2004 Sentencing Order (Doc. 25). The Court specifically stated that should the Sentencing Guidelines be deemed unconstitutional, the Court would still be bound by the 10 year mandatory minimum sentence provided by statute and would sentence Davis to 120 months in prison for his crime.

> The Court: There's nothing about your case that suggests you need to be in prison for ten years. But you've violated a statute that Congress has mandated you go to prison for at least ten years. I mean that's - - my hands are tied, I mean I don't have a choice. I have - - I mean I can exceed the ten years if I care to, but I can't go under the ten years. It's just not - - it would not - - I don't have the authority to give you less than ten years, pure and simple. I mean, I absolutely don't have that legal authority.

statements regarding his interaction with his lawyer, nor has he presented any evidence to support his allegation that he requested his attorney file an appeal. Davis has failed to even specify as to when he asked counsel to file a notice of appeal. Instead, Davis claims he is entitled to an evidentiary hearing to determine whether he actually requested that his counsel file a notice of appeal. However, the absence of an affidavit demonstrating actual proof of a petitioner's allegations precludes the necessity of a hearing. *Kafo*, **467 F.3d at 1067 (The Seventh Circuit has referred to the requirement that a petition be accompanied by a detailed affidavit showing proof of the petitioner's allegations as a threshold requirement) (citing** *Galbraith*, **313 F.3d at 1009).** The Court ordered Davis to file an affidavit, stating

---

Sentencing Transcripts at 13:20-14:4.
    The Court also discussed the implication to Davis if the Sentencing Guidelines were thrown out at Davis change of plea hearing and came to a similar conclusion.

| | |
|---|---|
| Ms. Smith: | Just to clarify, and I know his family is here. He's looking at a mandatory minimum of ten years here, which is 120 months, of course, and I've discussed that with his numerous times. My Guideline calculation with his points off for acceptance, because he's in a Criminal History Category III, as far as I can determine, is 108 to 135. But as I've told Kimo, 120 is the minimum under the statutory scheme, so even if the Guidelines are thrown out, you still have to give him the 120. It can only go above 120. And I don't envision any enhancements at this point with the facts, nothing I've been given in discovery, so. |
| The Court: | The chances are you'd get 120 months either way, so. |
| Ms. Smith: | And that's what I said to him, Judge. |
| | \*    \*    \* |
| The Court: | So, more than likely in a case like yours you'll probably see the 120 months either way. That's not a guarantee. But a case like yours, more than likely the statute is what's going to impact you more strongly than the Guidelines regardless. So, it probably would make no difference at all.... In a case like yours I suspect you won't see any differences at all, no matter what the Supreme Court does. |

Change of Plea Transcripts at 29:16-31:9.

the factual basis for his claim, but Davis failed to file any such response. Therefore, Davis' bald assertions in his petition and accompany supporting memorandum are insufficient basis to grant him the relief he seeks. **See *United States v. Hodges*, 259 F.3d 655, 660 (7th Cir. 2001) ("An ineffective assistance of counsel claim cannot stand on a blank record, peppered with the defendant's own unsupported allegations of misconduct."); *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005) (finding that a claim of ineffective assistance unsupported by "actual proof of [his] allegations" cannot meet the threshold requirement for purposes of § 2255). See also *United States v. Turcotte*, 405 F.3d 515, 537 (7th Cir. 2005) (finding that unsubstantiated and conclusory statements do not support ineffective assistance of counsel claims).**

Moreover, as part of its Response, the Government provides an affidavit from Davis' trial counsel, Andrea L. Smith. Therein she states:

> I have checked my closed file and there is nothing to indicate that he [told me he wanted to appeal], that we ever discussed the possibility of an appeal, or that my secretary ever took or gave me a message in this regard.
>
> * * *
>
> In addition, not only does my file not reflect any discussion, request, or promise about filing an appeal, I have never once failed to file an appeal that was requested or promised by me to a client over all the years I have practiced law. This of course is an ethical obligation to every one of my clients.

(Smith Affidavit, Doc. 11, Ex. A ¶¶ 3 & 4). Although Smith would not affirmatively state that Davis did not request she file an appeal, the clear implication from her statement is that Davis did not request an appeal.

Under *Castellanos*, a defendant must offer proof that a request for an appeal was affirmatively made to his counsel in order to state a claim of *per se* ineffective assistance. Taken as a whole, the Court finds that Davis has offered no such proof and the clear implication from Ms. Smith's testimony is that Davis made no such request. In the absence of such evidence, Davis cannot show that his counsel's failure to file an appeal constitutes ineffective assistance *per se.* at 27-31). Thus, Davis' ineffective assistance of counsel claim based on his unsubstantiated allegation that he requested counsel to file an appeal, along with his request for an evidentiary hearing, must fail.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** petitioner Kimo Davis' Petition/Motion to Vacate, Set Aside, or Correct Sentence. (Doc. 1). The Court **DISMISSES with prejudice** Davis' 28 U.S.C. § 2255 petition/motion. The Clerk of the Court to enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 9th day of June, 2009.

/s/ David R Herndon
**Chief Judge**
**United States District Court**